FILED
November 23, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**ANAN TUNSUNGNOEN,** §
§
**Petitioner,** §
§
**v.** § **NO. SA-26-CV-4614-OLG**
§
**TODD BLANCHE *et al.*,** §
§
**Respondents.** §

# ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Anan Tunsungnoen's Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 7). Upon review, the Court finds that the Petition must be denied for the reasons below.

Based on the record, Petitioner is a citizen of Thailand who was admitted to the United States on a visa on November 12, 2015, and overstayed. (Dkt. No. 4 at 1; Dkt. No. 4-1 at 1.) He was arrested by immigration officials on May 13, 2026; the Notice to Appear charged him with being removable pursuant to 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. (Dkt. No. 4-1 at 1.) There is no indication in the record that Petitioner has requested the bond hearing to which he is statutorily entitled as a visa overstay. (*See* Dkt. No. 4 at 1; Dkt. No. 7.) Proceeding pro se, he initiated this action on July 20, 2026, seeking his immediate release. (*See* Dkt. No. 1.)

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner proves that he is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)).

"A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

Here, Petitioner appears to mistakenly believe that he is detained without an opportunity for an individualized review of his continued detention. (*See* Dkt. No. 1; Dkt. No. 4 at 2.) But as a detainee under § 1226(a), he is entitled to a bond hearing. *See* 8 U.S.C. § 1226(a). He just has not requested one. (Dkt. No. 4 at 2–3 ("Petitioner claims he is entitled to a bond hearing, which Respondents agree he can seek, but he hasn't asked the immigration judge for such hearing.")). Because Petitioner may request a bond hearing at any time, and there is no indication in the record that he has ever been denied one, the Court cannot find that he is entitled to habeas relief. *See Lakhani v. Gonzales*, 162 F. App'x 350, 353 (5th Cir. 2006) (explaining that where a petitioner "fail[s] to request [the relief sought] before the IJ," he "fail[s] to exhaust his administrative remedies," making it "axiomatic that [his] due process challenge has no merit").

Based on the foregoing, Petitioner Anan Tunsungnoen's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on November 23, 2026.

ORLANDO L. GARCIA
United States District Judge